UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES MITCHELL McCONNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00437-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

James McConnell is serving two sentences imposed in 2015 by the U.S. District Court for the Western District of North Carolina. These sentences total 138 months and are to be executed consecutively.

Mr. McConnell is now confined in the U.S. Penitentiary at Coleman, Florida. While previously incarcerated in the U.S. Penitentiary at Terre Haute, Mr. McConnell petitioned for a writ of habeas corpus, asserting that the U.S. Bureau of Prisons' computation of his release date did not account for 27 months of jail credit to which he is entitled. For the reasons discussed below, the petition is **denied**, and this action is **dismissed**.

**I. Factual and Procedural Background**

Mr. McConnell was taken into custody on North Carolina state charges on March 19, 2013. Dkt. 13-1 at 29. Two months later, while still detained on those charges, a federal grand jury in the Western District of North Carolina indicted Mr. McConnell on one count of bank robbery. *Id.* at 32.

Mr. McConnell was convicted on the state charges on June 4 and sentenced to 20 months.

*Id.* at 35. Two days later, he was formally transferred to federal custody due to the bank robbery charge. *Id.* 17, 53.

On July 13, 2015, Judge Cogburn in the Western District of North Carolina sentenced Mr. McConnell for one count each of bank robbery and violating conditions of supervised release. *Id.* at 41–51. Judge Cogburn directed that these sentences be executed consecutive to one another (for a total of 138 months) and to any other sentences. *Id.* Judge Cogburn also ordered that Mr. McConnell "receive credit for time served." *Id.* at 42.

Mr. McConnell was formally returned to state custody on August 6, 2015. *Id.* at 53. However, North Carolina authorities determined on August 11, 2015, that Mr. McConnell had satisfied his state sentence as of October 20, 2014. *Id.* at 35. It appears that they reached this conclusion by crediting Mr. McConnell for the time he was detained between his arrest on March 19, 2013, and his sentencing on June 4, 2013.

The Bureau of Prisons (BOP) recalculated Mr. McConnell's release date on January 3, 2022, after he filed this petition. *Id.* at 60. According to the computation, Mr. McConnell began serving his sentence on August 11, 2015—the date the North Carolina authorities deemed his previous state sentence satisfied. *Id.* It also credits Mr. McConnell for time spent in county jail from October 21, 2014 (the date the state sentence actually was satisfied according to North Carolina authorities) until August 11, 2015. *Id.*

## II. The Petition

"[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241." *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Mr. McConnell asserts that he is entitled to 27 months of jail credit, which the Court understands to account for the entire period between his formal transfer to federal custody in June 2013 until August 11, 2015, the date he is credited with

beginning his federal sentence. The Warden responds that Mr. McConnell cannot apply all that time toward his federal sentence because North Carolina applied a portion of it toward his state sentence.

### III. Discussion

By statute, a federal prisoner is entitled to receive credit toward his prison sentence for time spent in detention between his arrest for the offense and the commencement of the sentence. 18 U.S.C. § 3585(b)(1). However, a federal prisoner is not entitled to jail credit for time that has been "credited against another sentence." *Id.* § 3585(b).

After Mr. McConnell filed his petition, the BOP reviewed his sentence and credited him with 294 days for time after October 20, 2014, so the only period remaining at issue is from March 19, 2013, through October 21, 2014. During that time, Mr. McConnell was detained in a county jail awaiting trial on federal charges and had either active state charges or an active state sentence. The North Carolina authorities applied that time to Mr. McConnell's state sentence. Dkt. 13-1 at 41–51. Because the North Carolina District Court Judge directed that his sentences be executed consecutively, *see id.*, § 3585(b) does not allow the same time to be applied to Mr. McConnell's federal sentence.

### IV. Conclusion

Mr. McConnell's petition for a writ of habeas corpus is **denied**. This action is **dismissed with prejudice**. *See Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). His motion requesting action on his petition, dkt. [20], is **granted** only to the extent the Court has issued its ruling. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 3/9/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES MITCHELL McCONNELL
17757-058
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov